IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES WALTER DURAND                                    PLAINTIFF

v.                                    CIVIL NO. 1:22-cv-00070-HSO-BWR

PROBATION AND PAROLE, et al.                          DEFENDANTS

**ORDER OF DISMISSAL**

BEFORE THE COURT are pro se Plaintiff James Walter Durand's
Complaint [1] and Response [15] challenging the revocation of his state probation
under 42 U.S.C. § 1983.  Durand is a prisoner currently incarcerated with the
Mississippi Department of Corrections ("MDOC") and is housed at the Central
Mississippi Correctional Facility in Pearl, Mississippi.  *See* Change of Address [11]
at 1.  Durand names Probation and Parole, Pascagoula Division, and the State of
Mississippi as Defendants, Compl. [1] at 2, and he is proceeding *in forma pauperis*,
Order [8].  For the following reasons, the Court finds that this case should be
dismissed with prejudice as frivolous and for failure to state a claim.

I. BACKGROUND

In 2011, Durand pled guilty to aggravated assault and was sentenced to a
term of imprisonment plus six years on post-release supervision.  *Durand v. Cain*,
No. 1:22-cv-00142-TBM-RPM (S.D. Miss. Aug. 3, 2022) (Doc. 11-2 (Sentencing
Order)).[1]  Durand says that was accused of violating his probation in 2022 by "not
reporting."  Compl. [1] at 4.  The probation office prepared an arrest warrant,

---

[1] The Court may "take judicial notice of the public records in . . . prior state court
proceedings."  *Kahn v. Ripley*, 772 F. App'x 141, 142 (5th Cir. 2019).

pursuant to which Durand was detained following a traffic stop on February 18, 2022.  Compl. [1] at 4; Compl. [1-1] at 1.  When he signed his Complaint on March 27, 2022, Durand had not been given a probation-revocation hearing, though he believes a hearing should have been held within 21 days of his arrest—on or before March 11.  Compl. [1] at 4-5.  Within that time period, Durand's probation officer informed him "that [his] revocation hearing was not going to be [held] until April 13, 2022."  Compl. [1-1] at 1.  Durand claims that he "exhausted every possible means of getting this issue resolved," to no avail.  *Id*. at 5.

To better assess his claims, the Court required Durand to file a written response to a series of questions on or before August 22, 2022.  Order [10].  On August 31, 2022, Durand moved the Court for an extension of time to file his response because he was transferred to a new facility in the interim, making it harder to access the necessary office supplies and mail services.  Motion [14] at 1-2.  Durand contemporaneously filed his Response [15] to the Court's Order [10], which the Court has thoroughly reviewed and will consider in its analysis.

In his Response [15] to the Court's Order [10], Durand has advised that his probation-revocation hearing was held on April 13, 2022, as scheduled.  Resp. [15] at 1.  Durand's probation was revoked, and he was ordered to serve six years of a suspended sentence—a term of imprisonment that he is currently serving.  *Id*.  To date, neither that sentence nor the underlying conviction have been reversed on direct appeal, expunged, or otherwise declared invalid or called into question.  *Id*.

Durand seeks as relief that he be "released and reinstated on probation" and that the Court "prohibit[] . . . retaliation by the circuit court or probation office." Compl. [1] at 5. Because the Complaint sought, among other things, "an earlier or speedier release from incarceration," the Court severed Durand's habeas claims from those arising under § 1983. Order [7]. Durand's habeas claims remain pending in another civil action in this Court. *Durand v. Cain*, No. 1:22-cv-00142-TBM-RPM (S.D. Miss. filed June 9, 2022). To the extent Durand seeks injunctive relief under § 1983, those claims are addressed here.

## II. <u>DISCUSSION</u>

Because Durand is proceeding *in forma pauperis*, Order [8], his Complaint is subject to the case-screening procedures outlined in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2). The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious" or "fails to state a claim on which relief may be granted." *Id.* § 1915(e)(2)(B)(i)-(ii). Having conducted this screening, the Court finds that Durand's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and are thus both frivolous and fail to state a claim upon which relief may be granted. *See Jones v. McMillin*, No. 3:12-cv-00865-CWR-FKB, 2013 WL 1633336, at *2 (S.D. Miss. Apr. 16, 2013) (dismissing *Heck*-barred claims "as legally frivolous and for failure to state a claim").

In *Heck*, "the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed,

invalidated, or otherwise set aside, the claim is not cognizable under § 1983."
*Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (citing *Heck*, 512 U.S. at 486-87).
"*Heck* requires the district court to consider 'whether a judgment in favor of the
plaintiff would necessarily imply the invalidity of his conviction or sentence; if it
would, the complaint must be dismissed unless the plaintiff can demonstrate that
the conviction or sentence has already been invalidated.'" *Ballard v. Burton*, 444
F.3d 391, 396 (5th Cir. 2006) (quoting *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.
1995)).  "This requirement or limitation has become known as the favorable
termination rule."  *Id*. (quotation omitted).  *Heck* applies with equal force to "claims
that challenge revocation proceedings."  *Adongo v. Tex.*, 124 F. App'x 230, 232 (5th
Cir. 2005); *see also Jackson*, 49 F.3d at 177.

Success on Durand's § 1983 claims in this case would necessarily imply the
invalidity of the underlying revocation proceedings and any term of imprisonment
resulting from them.  Durand asks this Court to conclude that his probation-
revocation hearing was untimely under Mississippi law and thus grant relief
contrary to the state court's disposition—the revocation of Durand's probation and
his subsequent incarceration.  Compl. [1] at 3, 5.  Moreover, Durand admits that his
sentence resulting from the probation-revocation proceedings does not satisfy *Heck*'s
favorable termination rule.  *See* Resp. [15].  As such, Durand's conviction and
sentence have not "been reversed on direct appeal, expunged by executive order,
declared invalid by a state tribunal authorized to make such a determination, or
called into question by a federal court's issuance of a writ of habeas corpus, 28

4

U.S.C. § 2254." *Heck*, 512 U.S. at 487.  Durand cannot maintain his § 1983 claims

against either Defendant.[2]  *See Cougle v. Cnty. of Desoto*, 303 F. App'x 164, 165 (5th

Cir. 2008) ("Cougle has not demonstrated that the revocation of his probation has

been reversed, expunged, set aside or called into question as required by *Heck* as a

prerequisite for this case to proceed.").  This case must be dismissed with prejudice

as frivolous and for failure to state a claim until the *Heck* conditions are met.  *See*

*Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (directing that *Heck*-barred

claims should be "dismissed with prejudice to their being asserted again until the

*Heck* conditions are met").

This dismissal counts as a "strike" under 28 U.S.C. § 1915(g),

notwithstanding that Durand's habeas claims were severed from this case and

remain pending in another civil action.  *See Patton v. Jefferson Corr. Ctr.*, 136 F.3d

458, 464 (5th Cir. 1998) ("There is no compelling reason to excuse Patton's frivolous

§ 1983 actions . . . from the reach of the PLRA's 'three strikes' proviso simply

because the cases included unexhausted habeas claims.").  "Congress enacted PLRA

with the principal purpose of deterring frivolous prisoner litigation by instituting

economic costs for prisoners wishing to file suits."  *Id.* (quotation omitted).

Assessing a strike in cases like this prevents litigious prisoners from "immuniz[ing]

---

[2] The State of Mississippi could also be dismissed as a Defendant because it "is not a person within the meaning of § 1983" and is thus not amenable to suit under the statute.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding also applies to "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes."  *Id.*  "MDOC is an arm of the State for purposes of Eleventh Amendment immunity, and cannot be sued as a person under Section 1983."  *Joiner v. Miss. Dep't of Corr.*, No. 1:19-cv-00014-HSO-JCG, 2019 WL 4228437, at *3 (S.D. Miss. Sept. 5, 2019); *see also Wedgeworth v. Miss.*, No. 3:17-cv-00730-CWR-FKB, 2018 WL 1463496, at *4 (S.D. Miss. Mar. 23, 2018).

frivolous lawsuits from the 'three strikes' barrier by the simple expedient of pleading unexhausted habeas claims as components of § 1983 suits." *Id.*; *see also, e.g.*, *Jackson v. Dallas Cnty. Jail*, No. 3:21-cv-00149-G, 2021 WL 5016882, at *9 (N.D. Tex. Oct. 8, 2021), *report and recommendation adopted*, No. 3:21-cv-0149-G, 2021 WL 5014317, at *1 (N.D. Tex. Oct. 27, 2021) (severing habeas claims, dismissing § 1983 claims, and assessing a strike under § 1915(g)).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) until the *Heck* conditions are met.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this dismissal counts as a "strike" under 28 U.S.C. § 1915(g).  Plaintiff is advised that, if he receives three strikes, "he may not proceed [*in forma pauperis*] in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury."  *Adongo*, 124 F. App'x at 232 (citing 28 U.S.C. § 1915(g)).  A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this 21st day of September, 2022.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE